DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.S.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D21-1923

[December 1, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2020-DP-000607.

Thomas J. Butler of Thomas Butler, P.A., Miami Beach, for appellant.

Andrew Feigenbaum, Appellate Counsel, Children's Legal Services, West Palm Beach, and Logan Bartholomew, Certified Legal Intern, Florida A&M University College of Law, Orlando, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem o/b/o J.N., J.S. & J.S.

PER CURIAM.

*Affirmed.*

GERBER and LEVINE, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

The trial court terminated the father's rights to his sons, finding that DCF had established grounds for termination under section 39.806(1)(f) and (g), Florida Statutes (2020). I would hold that termination pursuant to section 39.806(1)(g) was not supported by the evidence. *See A.J. v. Dep't of Child. & Fams.*, 97 So. 3d 985 (Fla. 4th DCA 2012). I would also hold

that section 39.806(1)(f) is unconstitutional because it requires no proof of a nexus between the egregious conduct towards one child and the potential harm to the child's siblings in order to terminate the parental rights to the child's siblings. *See V.S. v. Dep't of Child. & Fams.,* 322 So. 3d 1153 (Fla. 4th DCA 2021) (Warner, J., dissenting).

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***